UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| EUGENE HART JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>PACER, et al.,<br><br>        Defendants. | Case No. 26-cv-05107-AGT<br><br>**SCREENING ORDER**<br>Re: Dkt. No. 1 |

Having granted Eugene Hart Jr.'s application to proceed *in forma pauperis*, the undersigned now screens Hart's complaint under 28 U.S.C. § 1915(e)(2)(B). For the reasons identified below, the complaint is deficient. Hart may file an amended complaint by **July 31, 2026**.

\* \* \*

First, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). For a federal court to have subject matter jurisdiction, there must ordinarily be a question of federal law or diverse parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Regarding a federal question, Hart lists federal question jurisdiction in his form complaint, but writes "not a party to the government" in response to a prompt about which federal law or right is involved. Dkt. 1. Hart doesn't otherwise invoke any federal laws. His claims include violations of a "law" which "protects against unfairness in court," and that "rule of

law violates human rights." *Id.* On his civil cover sheet, Hart checks "Personal Injury – Product Liability" as the basis of his action. Dkt. 1-1. None of these ground his suit in federal law.

Regarding diverse parties, Hart lists PACER as a defendant in his case caption and explains that venue is proper here because he is suing a federal defendant. Dkt. 1. In the body of the complaint, however, he lists only four individuals: Lynette Lewis, Ronald Clark, Dunam Fields, and Robert Lee Hart. Dkt. 1. Each of these individuals, according to the complaint, is based in California. *Id.* Hart himself is also California-based. *Id.* If Hart is only suing California defendants — and he himself is also domiciled in California — the Court seems to lack diversity jurisdiction.

Hart must clarify in any amended complaint the basis for this Court's subject matter jurisdiction. If invoking federal question jurisdiction, Hart must clearly invoke a federal law or right. If invoking diversity jurisdiction, Hart must clarify which persons or entities are defendants in this lawsuit, and where those persons or entities are domiciled.

\* \* \*

Second, Hart must allege violations of more specific provisions of law and must not refer or rely on general legal principles. As noted, Hart invokes violations of "law" which "protects against unfairness in court," and that "rule of law violates human rights." Dkt. 1. In the absence of more specific citation to authority, the Court cannot understand, for example, which provisions of law, statute, or regulation that Hart alleges the defendants violated.

To address the deficiencies in the complaint, for each separate claim, Hart must allege a short and plain statement of the actions of each defendant, which laws were violated by those actions, and the harm suffered by Hart arising from those actions. Hart must do his

2

best to cite specific provisions of the laws, and cannot rely on general principles of law found in federal statutes and regulations.

* * *

Hart may file an amended complaint, on or before **July 31, 2026**. If Hart doesn't do so, or if Hart files an amended complaint over which the Court lacks jurisdiction, or one that fails to state a claim for relief, the undersigned will recommend that a district judge dismiss this case.

**IT IS SO ORDERED.**

Dated: July 9, 2026

Alex G. Tse
United States Magistrate Judge